Turley J.
delivered the opinion of the court.
This-is an> action,of ejectment, in which.the plaintifismiair® dtle to the premises- in dispute, by grant, from the: State of *5 Tennessee to the University of North Carolina, bearing date, the 3rd day of December, 1822: a deed of bargain and sale J J ' from the University of North Carolina to John Fulton, bearing date the 31st January, 1834; a deed of bargain and sale, dated December, 23, 1834, from James C. Gainer, sheriff of Henry county, State of Tennessee, to Robert 1. Moore, Foster Crutcher and Alexander Allison, made by virtue of a sale under' executions, issued from the County court of Henry county, against James and John Fulton, upon judgments, rendered at the June Term, 1834, of said court, in favor of said Moore, Crutcher and Allison, and a deed of bargain and sale from Moore and Crutcher and Allison to SylvanosE. Benson, Samuel Hunt and John Patterson, the lessors of the plaintiff, bearing date the 10th day of July, 1835.
The defendant claims title by virtue of a deed of mortgage from John Fulton to himself, bearing date the J 6th of July, 1834, and also by virtue of an absolute deed of bargain and sale from John Fulton, bearing date the 20th of August, 1835.
The deeds of mortgage and of conveyance from John Fulton to Robert Rochell, being subsequent in date to the rendition of the judgments in favor of Robert I. Moore and Foster G. Crutcher, communicate no title as against them or persons claiming under them. But it is said — that John Fulton had no title which was subject to execution; and that the plaintiff, having therefore, acquired no right, by virtue of the deed of conveyance from the sheriff of Henry county, is not entitled to a judgment against the defendant, who is protected by his possession.
This argument involves two propositions — first, whether John Fulton had a legal title to the property in dispute? and-secondly, whether, if he had not, the defendant Rochell is in such a situation as to take advantage thereof? 1st. It is said tha John Fulton had no legal title to the lands sued for, because the deed of conveyance, made to him by the University of North Carolina, was not proven as the law directs, and has, therefore, never been properly registered. The' probate of this deed is in the words and figures following:
"Be it remembered that at the Supreme court of said State of North Carolina, begun and. held on the last.Monday of December, A. D. 1833,.by and before the-Hon. Thos. Ruf-fin, Chief Justice, and his associate Judges of the same court* *6 at die city of Raleigh, and continued, by adjournment from day to day, until this day, to wit: the 1st day of January, 1834, in the same term, the foregoing deed, from the Trustees of the University to John Fulton, being produced and exhibited, in open court, before the said Chief Justice and his associates, Charles Manly and William R. Hill, the subscribing witnesses to the said deed, appeared, and being duly sworn, proved the execution, in due form of law, of the said deed, which is by the court here ordered to be entered of record and certified. In testimony of which I, John L. Henderson, Clerk of said Supreme court, have hereunto set my name and the seal of the said court, the 31st of January., 1834.
State of North Carolina.
I, Thomas Ruffin, Chief Justice of the Supreme court of North Carolina, do hereby certify and make known, that John L. Henderson, whose signature is annexed to the foregoing certificate and attestation, is the Clerk of the Supreme court, and, as such, is keeper of the records thereof, and that his said attestation is in due form.”
We are of opinion that this is a good and sufficient probate under the provisions of the 3rd section of the act of ISO7, c. 85, which provides that “all deeds of conveyance for the .transfer of lands, wherein the bargainor shall reside beyond the limits of this State, within any other other State or Territory, shall be acknowledged by the bargainor, or the execution thereof be proven by two or more subscribing witnesses thereto, in some court of record, of some one of the States or Territories of the United States, — the evidence of which shall be the attestation of the clerk of such court, in which such ac-knowledgement or probate was made, under the seal of his office, and the attestation of the presiding Judge or Justice of said court, which probate or acknowledgement shall be endorsed by said clerk on the back of said deed, and shall entitle the deed to registration in the county where the land lies.”
2. If this is not a good probate, is the defendant in such a situation as to take advantage of it? We think not, because he entered into possession of the land in controversy, claiming to hold it under John Fulton, by virtue of the deed of conveyance from him, which estops him from disputing his *7 title. The authorities are numerous upon this point. We shall be satisfied with a reference to two cases, decided by the Supreme court of the State of New York. In that of Smith vs. Burtis & Woodward, 9 Johnson, 174, it was held that when one enters, claiming as a tenant in common under the same title as that of the lessor, he admits the title of the lessor, so that neither he, nor those claiming under him, can set up such entry as adverse to the common title or injurious thereto. In the case of Jackson vs. Bush, 10 Johnson, 223, it was held that in an action of ejectment by a purchaser under a sheriff’s sale against a person in possession under the debtor without title or collusively, the defendant cannot setup an outstanding title in a third person to defeat the recovery of such purchaser.
We therefore are of opinion that there is no error in the judgment of the court below, and direct that it be affirmed.